IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



MAGGIE L. BLANKS, ET AL., §
 §
    Plaintiffs, §
 §
VS. § NO. 4:08-CV-43-A
 §
AMERICAN AIRLINES, INC., §
 §
    Defendant. §

MEMORANDUM OPINION
and
ORDER

On July 18, 2008, defendant, American Airlines, Inc., filed its motion for summary judgment as to all claims asserted by plaintiffs, Albert Guillory ("Guillory"), Louis Height ("Height"), Yolanda Russell ("Russell"), and Sharon Simmons ("Simmons")[1]. Plaintiffs failed to file a response, which was due on August 7, 2008. Having considered defendant's motion, the summary judgment record, and the applicable authorities, the court concludes that the motion for summary judgment should be granted.

---

[1] The court previously dismissed plaintiff Maggie Blanks by Final Judgment as to Certain Party signed June 3, 2008. During the pendency of this motion, the court dismissed Guillory by Final Judgment as to Certain Party signed July 23, 2008.

I.

## Plaintiffs' Claims

Plaintiffs allege that defendant discriminated against them on the basis of race, age, gender, and disability, and also engaged in harassment and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12112 ("ADA"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA").

II.

## The Motion for Summary Judgment

Defendant maintains that all of Russell's claims, as well as Height and Simmons's claims for disability discrimination and harassment, and retaliation, are barred because they failed to exhaust administrative remedies as to those claims. Further, defendant contends that plaintiffs cannot establish a prima facie case of discrimination as to any of their claims, defendant has proffered legitimate, non-discriminatory reasons for plaintiffs' terminations, and plaintiffs have failed to establish that such reasons are a pretext for discrimination.

III.

Undisputed Facts

The following facts are undisputed in the summary judgment record:

Russell, Height, and Simmons were employed by defendant as stock clerks at Dallas/Fort Worth International Airport ("DFW"). All were members of the Transport Workers Union of America ("TWU") and participated in defendant's 401(k) plan, which is administered by JP Morgan. Under certain circumstances, plan participants may qualify for a hardship withdrawal from their individual accounts, which, unlike a typical loan from a 401(k), do not have to be repaid and are not subject to a penalty for early withdrawal. Upon learning from one of plaintiffs' coworkers of a plan among some employees to obtain fraudulent hardship withdrawals from their 401(k) accounts, defendant launched an internal investigation into the matter.

During the course of its investigation, defendant obtained the hardship withdrawal documentation that Russell, Height, and Simmons had submitted with their withdrawal requests. Russell submitted her hardship request on or about October 27, 2006, citing eviction and/or foreclosure as her alleged hardship, and in support thereof, submitted a mortgage default notice from

Chase Manhattan Mortgage Company. Defendant observed that Russell's default notice was identical to one submitted by another employee that was purportedly from a different financial institution. In an interview with defendant's corporate security representative, Russell admitted the hardship documentation was false. After an investigation and hearing conducted pursuant to defendant's collective bargaining agreement ("CBA") with the TWU, in which Russell again admitted she had submitted false documentation and violated defendant's rules of conduct, defendant terminated Russell's employment.

Height submitted a hardship withdrawal request on or about November 29, 2006, also citing eviction and/or foreclosure as his alleged hardship and submitting a purported notice of default. Height's documentation was suspicious because although it was supposedly issued by Bank of America, the body of the letter mentioned Chase Manhattan Mortgage Company. During its investigation of Height, defendant confirmed with Bank of America that the hardship documentation which Height submitted was fraudulent. Defendant therefore terminated Height's employment.

On or about July 25, 2006, Simmons submitted a hardship withdrawal request, also citing eviction and/or foreclosure as her reason for hardship. Simmons's supporting documentation was a

"Notice of Terminate Tenancy" that appeared to be signed by Simmons's mother, from whom she rented her home, causing defendant to inquire further into the circumstances of the notice. Despite Simmons's refusal to cooperate with defendant's investigation, it learned that her daughter had forged the signature on the notice. As a result of the fraudulent documentation, as well as Simmons's insubordination during the investigation, defendant terminated Simmons's employment.

Defendant eventually expanded the scope of its investigation to include all DFW employees who had requested hardship withdrawals from their 401(k) plans during the same time period as plaintiffs. Defendant terminated any employee that it found had obtained a fraudulent withdrawal.

IV.

## Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 256. The movant may discharge this

burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597. See also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

V.

Analysis

A. Plaintiffs' Failure to Exhaust Administrative Remedies.

A plaintiff alleging employment discrimination, retaliation, or harassment under Title VII, the ADA, or the ADEA, must exhaust administrative remedies before pursing claims in federal court. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); 29 U.S.C. § 626(d); see also Ramirez v. City of San Antonio, 312 F.3d 178, 181 (5th Cir. 2002)(ADA); Taylor v. Books A Million, Inc. (Title VII), 296 F.3d 376, 378-79 (5th Cir. 2002); Bettcher v. Brown Schools, Inc., 262 F.3d 492, 494 (5th Cir. 2001)(ADEA). Exhaustion occurs when the plaintiff files a charge of

discrimination with the EEOC within 300 days of the alleged discriminatory or retaliatory acts, and files suit within ninety days after receipt of the EEOC's notice of right to sue. See Taylor, 296 F.3d at 378-79. Filing a charge of discrimination with the EEOC "is a precondition to filing suit in district court." Id.

After exhausting administrative remedies, a plaintiff's civil action may be based only on claims that "could reasonably be expected to grow out of the initial charges of discrimination." Estate of Martineau v. ARCO Chem. Co., 203 F.3d 904, 913 (5th Cir. 2000). Failing to assert a claim of discrimination in the EEOC charge precludes a plaintiff from including that claim in a later civil suit. National Ass'n of Gov't Employees v. City of San Antonio, 40 F.3d 698, 711-12 (5th Cir. 1994); Williams v. Simmons Co., 185 F. Supp.2d 665, 681 (N.D. Tex. 2001). Where the complaint alleges retaliation that allegedly occurred before plaintiff filed the initial EEOC charge, the retaliation does not grow out of the previous EEOC charge, and administrative remedies must be exhausted as to that claim - specifically, the charge must include the claim of retaliation. See Gupta v. East Texas State Univ., 654 F.2d 411,

414 (5th Cir. Unit A Aug. 1981); McCray v. DPC Indus., Inc., 942 F. Supp. 288, 295 (E.D. Tex. 1996).

It is undisputed that Russell failed to file a charge of discrimination with the EEOC. She has therefore failed to exhaust administrative remedies as to any of her claims, and all her claims are barred.

Although Height and Simmons each filed a charge of discrimination with the EEOC, each checked only the boxes for race, sex, and age discrimination. Neither Height nor Simmons checked the boxes labeled disability or retaliation, nor did the "Discrimination Statement" on either charge mention disability or retaliation. Those charges could not "reasonably be expected to grow out of the initial charges of discrimination." See Gupta, 654 F.2d at 414. Because nothing in either Height or Simmons's charge would have alerted defendant or the EEOC to their claims of retaliation or disability discrimination and harassment, they have failed to exhaust their administrative remedies as to those claims.

B. Height and Simmons's Remaining Claims of Discrimination.

In the motion for summary judgment, defendant argues that plaintiffs' claims for race, gender, and age discrimination fail because: (1) they cannot establish a prima facie case of

discrimination of any kind; (2) they cannot demonstrate that defendant's reasons for their termination were a pretext for discrimination; and (3) they cannot demonstrate that discrimination was a factor in their termination.[2] Because the court concludes that plaintiffs have failed to establish a prima facie case as to any of their claims, the court does not reach a decision on defendant's other grounds for summary judgment.[3]

To establish a prima facie case of race or gender discrimination under Title VII, a plaintiff must establish each of the following: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) others outside the protected class

---

[2]The court evaluates plaintiffs' Title VII and ADEA discrimination claims under the same general burden-shifting framework, which was originally set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See, e.g., Evans v. City of Houston, 246 F.3d 344, 349 (5th Cir. 2001). Under McDonnell Douglas:

> [T]he plaintiff must first present evidence of a prima facie case of discrimination . . . If the plaintiff presents a prima facie case, discrimination is presumed, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action . . . If the employer is able to state a legitimate rationale for its employment action, the inference of discrimination disappears and the plaintiff must present evidence that the employer's proffered reason was mere pretext for racial discrimination.

Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 318 (5th Cir. 2004) (citation omitted).

[3]Although the court does not reach defendant's other summary judgment grounds, a preliminary review of such grounds indicates that defendant would be entitled to summary judgment on those grounds as well.

were treated more favorably. See Alvarado v. Texas Rangers, 492 F.3d 605, 611 (5th Cir. 2007). The first three elements of a prima facie case of discrimination under Title VII and the ADEA are identical; as to the fourth element, plaintiff must additionally show he was replaced by someone outside the protected class, someone younger, or was otherwise discharged because of his age. See Bauer v. Albemarle Corp., 169 F.3d 962, 966 (5th Cir. 1999).

Defendant contends it terminated Height and Simmons solely for their violations of company policy. Height and Simmons have failed to adduce anything as would establish a fact issue as to whether or not others outside plaintiffs' protected class were treated more favorably, or that they were replaced by someone younger or outside the protected class, or were otherwise discharged because of age.

C.  Height and Simmons's Claims of Harassment.

Defendant contends that Height and Simmons's race and gender harassment claims similarly fail for failure to set forth a prima facie case, which requires plaintiffs to demonstrate that: (1) they belong to a protected class; 2) they were subjected to unwelcome harassment; 3) the harassment complained of was based on race or gender; and 4) the harassment affected a term,

condition, or privilege of employment. See Frank v. Xerox Corp., 347 F.3d 130, 138 (5th Cir. 2003). Further, the alleged harassment must be severe or pervasive enough to create an objectively and subjectively hostile or abusive work environment. See Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).

Because the summary judgment record is devoid of any evidence whatsoever showing any harassment of plaintiffs, they have failed to establish their prima facie case of harassment.[4]

VI.

Order

For the reasons discussed above,

The court ORDERS that all claims and causes of action asserted by plaintiffs, Louis Height, Yolanda Russell, and Sharon Simmons, against defendant, American Airlines, Inc., be, and are hereby, dismissed with prejudice.

SIGNED August 14, 2008.

JOHN McBRYDE
United States District Judge

---

[4] Neither the Supreme Court nor the Fifth Circuit have affirmatively concluded that a claim of harassment is viable under the ADEA. See McNealy v. Emerson Elec. Co., 121 Fed. App'x 29, 34 n.1 (5th Cir. 2005)(unpublished). Whether or not such a claim exists is irrelevant, as plaintiffs have brought forth nothing that would create a fact issue as to that claim.